IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Georgia Artz, Lisa Belgarde, Emily Davis, and Sonia Zerr, | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 3:05-cv-51 |
| United States of America, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is defendant's motion to dismiss Georgia Artz, Lisa Belgarde, Emily Davis, and Sonia Zerr's [hereinafter "plaintiffs"] action alleging a Privacy Act violation (Doc. #11). For the following reasons, the court **DENIES** defendant's motion to dismiss.

**I.  Factual Background**

The present action relates to another case, Buckles, et al., v. Indian Health Services, et al., Case No. 4:02-cv-133 [hereinafter "Buckles case"], which also alleged a Privacy Act violation.[1]  The Honorable Daniel L. Hovland dismissed the Buckles case after holding a bench trial in March 2004.  Because of the relationship of Buckles case to the present case, a portion of the court's recitation of background facts in the Buckles opinion is quoted below:

> The Plaintiffs, Dale Buckles and Shelly Harris, filed this action against the Indian Health Service ("IHS") and certain named individual defendants seeking damages for the alleged unauthorized disclosure of the Plaintiffs' medical records by IHS employees to members of the Turtle Mountain Tribal Council.  On

---

[1] The Privacy Act prohibits the disclosure of information covered by the Act unless the individual whose information is disclosed authorizes the disclosure by prior written consent or an exception under the Act authorizes the disclosure.  See 5 U.S.C. § 552a(b).

1

> February 5, 2004, the Court dismissed the <u>Freedom of Information Act</u> claim, and allowed the Plaintiffs to proceed with their <u>Privacy Act</u> claims only as to two specific instances: (1) the alleged disclosure by Ray Grandbois of the Georgia Artz memorandum to Tribal Chairman Richard Monette, and (2) the alleged disclosure by Georgia Artz and Marilyn Delorme of a list of Tylox prescriptions to members of the Turtle Mountain Tribal Council at the Skydancer Hotel. The Court also allowed the Plaintiffs to proceed with their retaliation and defamation claims. Thus, the only claims remaining at the time of the bench trial were the alleged violations of the <u>Privacy Act,</u> retaliation, and defamation. The gist of the lawsuit is the Plaintiffs' contention that employees of IHS shared confidential medical information with certain members of the Turtle Mountain Tribal Council.
>
> The plaintiffs, Shelly Harris and Dale Buckles, allege that Ray Grandbois shared a memorandum written by Georgia Artz on March 1, 2001, (Exhibit P-1) with Richard Monette, who was the Chairman of the Turtle Mountain Tribal Council at the time. Harris and Buckles contend the memorandum improperly disclosed confidential medical information. They also allege that Marilyn Delorme and Georgia Artz met with members of the Tribal Council on April 5, 2001, and improperly disclosed a list of Tylox prescriptions (Exhibit P-13) to members of the Tribal Council. The following day, April 6, 2001, the Turtle Mountain Tribal Council issued a resolution (Exhibit P-4) asking for the removal of Harris and Buckles from their positions at IHS pending an investigation. Harris and Buckles then filed a <u>Privacy Act</u> complaint (Exhibit P-12) against various employees of IHS, which eventually culminated in this lawsuit.

<u>Buckles, et al., v. Indian Health Services, et al.</u>, Case No. 4:02-cv-133 (Doc. #61).

Prior to commencement of the Buckles lawsuit, Madonna Long, Program Officer for Health Information Management at the IHS office in Aberdeen, South Dakota, conducted a Privacy Act investigation and prepared a report. (Doc. #12-2, Aff. of Madonna Long). An allegedly improper disclosure of the Long report constitutes the basis for the present suit. On October 8, 2001, David Reich, the attorney for the plaintiffs in the Buckles case, requested a copy of the report pursuant to the Freedom of Information Act (FOIA). Apparently, attorney Reich received a copy of the Long report on January 31, 2003 from Leslie Morris, Director of the Division of Regulatory and Legal Affairs and FOIA officer. On February 28, 2003, attorney

Reich sent a letter to David Peterson, the Assistant United States Attorney handling the Buckles matter, mentioning the disclosure of the Long report. Attorney Reich later received a letter from Leslie Morris stating that the report had been disclosed in error and was "a mistaken disclosure of exempt information" (Doc. #12-3). Morris stated the "report should have been withheld in its entirety based upon the deliberative process privilege incorporated by Exemption 5 of the FOIA".

Georgia Artz, Lisa Belgarde, Emily Davis, and Sonia Zerr, plaintiffs in the present case, were employed at the IHS facility in Belcourt and were named as defendants in the Buckles case. They allege that they were named in the Long report. Further, they assert the Long report stated they had committed Privacy Act Violations. The Office of Inspector General later issued an opinion which contradicted these conclusions. They allege the disclosure of the Long report was a violation of their rights under the Privacy Act.

## II.     Legal Standards–Rule 12(b)(1) and Rule 12(b)(6) Motions

Defendant moves to dismiss plaintiffs' complaint under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

Dismissal under Rule 12(b)(1) is appropriate if the plaintiff has failed to satisfy a threshold jurisdictional requirement. See Trimble v. Asarco, Inc., 232 F.3d 946, 955 n. 9 (8th Cir. 2000). In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged either on its face or on the factual truthfulness of its averments. See Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). "'The district court has the authority to consider matters outside the pleadings on a motion challenging subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).' Drevlow v.

Lutheran Church, Mo. Synod, 991 F.2d 468, 470 (8th Cir. 1993).  The court's election to do so does not convert the 12(b)(1) motion to dismiss into a motion for summary judgment."  Deuser v. Vecera, 139 F.3d 1190, 1191 n.3 (8th Cir. 1998).  Either party, or the court, may raise the issue of subject matter at any time.  Further, the court may *sua sponte* find it has no subject matter jurisdiction to review the matters alleged.

Rule 12(b)(6) provides that a cause of action may be dismissed for failure to state a claim upon which relief may be granted.  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint.  Schuer v. Rhodes, 416 U.S. 232, 236 (1974).  Under 12(b)(6), the court treats all well pled facts as true and grants all reasonable inferences in favor of the non-moving party.  Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  A motion to dismiss should only be granted if it appears from the face of the complaint that the plaintiff cannot prove any set of facts to support his claims for relief.  Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

Plaintiffs first assert that defendant has inappropriately moved to dismiss under Fed.R.Civ.P. 12(b)(1) and (6), after the filing of the answer.  Plaintiff is correct as to motions to dismiss under Rule 12(b)(6), see Westcott, 901 F.2d at 1488 ("Technically . . . a Rule 12(b)(6) motion cannot be filed after an answer has been submitted. "), but not as to Rule 12(b)(1).  See Bueford v. Resolution Trust Corp., 991 F.2d 481, 485 (8th Cir. 1993) ("Lack of subject matter jurisdiction, unlike many other objections to the jurisdiction of a particular court, cannot be waived. It may be raised at any time by a party to an action, or by the court sua sponte.")

The court may consider a Rule 12(b)(6) motion filed after the answer as a motion for judgment on the pleadings under Rule 12(c).  See Westcott, 901 F.2d at 1488 (citing St. Paul

Ramsey County Med. Ctr. v. Pennington County, 857 F.2d 1185, 1187 (8th Cir. 1988) ("[S]ince Rule 12(h)(2) provides that '[a] defense of failure to state a claim upon which relief can be granted' may be advanced in a motion for judgment on the pleadings under Rule 12(c), we will treat the . . . motion as if it had been styled a 12(c) motion. This distinction is purely formal, because we review this 12(c) motion under the standard that governs 12(b)(6) motions")).

### III.  Privacy Act Time Limitation

Defendant's motion to dismiss rests on the argument that plaintiffs' suit is time barred. The Privacy Act contains a two-year limitation period:

> An action . . . may be brought in the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, without regard to the amount in controversy, <u>within two years from the date on which the cause of action arises</u>, except that where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

5 U.S.C. § 552a(g)(5) (emphasis added).

Defendant asserts the cause of action in this case arose as early as February 28, 2003, when "[p]laintiffs knew or should have known of the release of the Long report." (Doc. #12, p. 4). Thus, defendant argues that plaintiffs' suit, filed on April 29, 2005, was filed beyond the statute of limitations period. (Doc. #12, p. 2-3).

Defendant argues the statute of limitations is a jurisdictional requirement, and therefore, this court lacks subject matter jurisdiction. The jurisdictional argument is based on the holdings of courts which conclude that compliance with the two-year statute of limitations in Privacy Act cases is a jurisdictional prerequisite. See Diliberti v. United States, 817 F.2d 1259, 1262 (7th

5

Cir. 1987); see also  Harrell v. Fleming, 285 F.3d 1292, 1293 (10th Cir. 2002), cert. denied, 537 U.S. 1057 (2002).  ("The statute of limitations [of the Privacy Act] qualifies the waiver of sovereign immunity and 'constitutes a limitation on subject matter jurisdiction.'"); Logan v United States, 272 F. Supp. 2d 1182 (D.Kan. 2003) (finding court lacked subject matter jurisdiction over Privacy Act claims that were barred by two-year statute of limitations).  The Diliberti court held that "[t]he statutory time limitation . . .  is unquestionably an integral condition of the sovereign's consent to be sued under the Privacy Act.  Accordingly . . . a plaintiff's failure to file suit within the time period specified in § 552a(g)(5) deprives the federal courts of subject matter jurisdiction over the action."  Diliberti, at 1262.

　　　　Plaintiffs cite case law holding statutes of limitations are not jurisdictional.  See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990) (Title VII discrimination complaint); Schmidt v. United States, 933 F.2d 639 (8th Cir. 1991) (Federal Torts Claims Act claim).  However, given the Eighth Circuit's recent holding in a Federal Torts Claims Act on this very issue, the court concludes compliance with the statute of limitations for a Privacy Act violation is a jurisdictional requirement.  See T.L. v. United States, 443 F.3d 956, 959 (8th Cir. 2006) (stating the government's motion to dismiss or alternatively for summary judgment should have been considered as a motion to dismiss pursuant to Rule12(b)(1)). After surveying the previous and often conflicting decisions, the Eighth Circuit held:  "Because a plaintiff's compliance with the statute of limitations is prerequisite to the district court's jurisdiction over a suit against the United States under the FTCA, the court must resolve material issues of disputed fact and

determine whether the action was timely filed."[2]  Id. at 961 (citing Osborn, 918 F.2d at 729-30).

Thus, this court must address this matter under Rule 12(b)(1) to determine whether this action was timely filed.

### IV.    Analysis

The Diliberti decision cited by defendant, sets forth the requirements of a Privacy Act claim:

> (1) an error was made in maintaining the plaintiff's records;  (2) the plaintiff was wronged by such error; and (3) the plaintiff either knew or had reason to know of such error. . . . <u>The critical issue for determining whether the plaintiff's action is barred by § 552a(g)(5) is the time at which the plaintiff first knew or had reason to know that the private records were being maintained</u>.

Diliberti, at 1262 (emphasis added).

The same critical issue is present in this case.  Defendant asserts the statute of limitations period began to run on February 28, 2003.  This is the date attorney Reich sent a letter to the Assistant United States Attorney handling the Buckles matter, advising that attorney Reich had received a copy of the Long report.  Attorney Reich copied the letter to his clients, who were

---

[2] The Eighth Circuit also addressed the issue of equitable tolling, an issue which this court does not need to address:

> [the] availability of equitable tolling depends on congressional intent, and is not necessarily available as a matter of general equitable power in all actions against the government. As Brockamp illuminates, the rule of equitable tolling applies in FTCA cases only because Congress intended it to apply. It is thus one of the "terms" of the government's consent to be sued, Sherwood, 312 U.S. at 586, and there is no inconsistency between viewing compliance with the statute of limitations as a jurisdictional prerequisite and applying the rule of equitable tolling. . . . . We thus align ourselves with several other circuits in holding that considerations of equitable tolling simply make up part of the court's determination whether an action falls within the scope of the waiver of sovereign immunity granted by Congress, and thus within the jurisdiction of the federal courts.

T.L. v. United States, 443 F.3d 956, 961 (8th Cir. 2006).

plaintiffs in the Buckles case; to Madonna Long, author of the report; and to one other person. There is no indication that plaintiffs in this case, who were defendants in the Buckles case, received copies of the Reich letter or other notice of the disclosure of the Long report at that time.  Neither defendant's answer nor brief offers an explanation of why or how the correspondence by attorney Reich to attorney Peterson demonstrates the date on which the plaintiffs in this case knew or should have known of the disclosure of the Long report. Plaintiffs' complaint and brief on the motion to dismiss state that plaintiffs became aware of their claim in May 2003.  The record contains no evidence demonstrating, or even suggesting, that plaintiffs had knowledge of the disclosure of the Long report prior to May 2003.  Accordingly, there is no evidence that plaintiffs' claim is time barred.  For the foregoing reasons, defendant's motion to dismiss is **DENIED**.

Dated this 6th day of September, 2006.

_Karen K. Klein_
Karen K. Klein
United States Magistrate Judge